# EXHIBIT 1



**Michael G. Adams**
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

August 10, 2021

ZONGBAD HOU
215 N. ALHAMBRA AVENUE #A
MONTEREY PARK, CA 91755

FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 21-CI-004335

COURT:  Circuit Court Clerk
        Jefferson County
        700 West Jefferson St.
        Louisville, KY 40202
        Phone: (502) 595-3055

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

   **(1) Your attorney, or**
   **(2) The attorney filing this suit whose name should appear on
         the last page of the complaint, or**
   **(3) The court or administrative agency in which the suit is filed
         at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

---

| AOC-E-105    Sum Code: CI |  | Case #: **21-CI-004335** |
|---|---|---|
| Rev. 9-14 | | Court: **CIRCUIT** |
| Commonwealth of Kentucky | | County: **JEFFERSON Circuit** |
| Court of Justice    Courts.ky.gov | | |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plantiff,* **PHILPOT, LAMONDRE VS. HOU, ZONGBAD**, *Defendant*

TO:  **ZONGBAD HOU**
     **215 N. ALHAMBRA AVENUE #A**
     **MONTEREY PARK, CA 91755**

RECEIVED
AUG 05 2021
SECRETARY OF STATE

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson
Jefferson Circuit Clerk
Date: **7/28/2021**

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title

Summons ID: 37043722507541200000979435
CIRCUIT: 21-CI-004335 Long Arm Statute – SOS - Restricted Delivery
PHILPOT, LAMONDRE VS. HOU, ZONGBAD



Page 1 of 1


eFiled

Filed          21-CI-004335    07/28/2021    David L. Nicholson, Jefferson Circuit Clerk
A true copy attest    21-CI-004335    07/28/2021    /s/David L. Nicholson, Jefferson Circuit Clerk

*Electronically filed*

NO.                                                    JEFFERSON CIRCUIT COURT

DIVISION

JUDGE

LAMONDRE PHILPOT
2009 CRUMS LANE #41
LOUISVILLE, KY 40216                                       PLAINTIFF

VS                             **COMPLAINT**

ZONGBAD HOU
215 N. ALHAMBRA AVENUE #A
MONTEREY PARK, CA 91755

    SERVE:    KENTUCKY SECRETARY OF STATE
                       FRANKFORT, KY 40601

and

METAL INTERNATIONAL INC.
18392 TYTRIS WAY
YORBA LINDA, CA 92886

    SERVE:    KENTUCKY SECRETARY OF STATE
                       FRANKFORT, KY 40601                        DEFENDANTS

*** *** ***

Comes the Plaintiff, Lamondre Philpot, by counsel, and for his cause of action states as follows:

1.     That at all times material hereto the Plaintiff, Lamondre Philpot, was a resident of Louisville, Jefferson County, Kentucky.

2.     That at all times material hereto the Defendant, Zongbad Hou, was a resident of Monterey Park, California, a nonresident motorist operating a motor vehicle in Louisville,

1

Filed          21-CI-004335    07/28/2021    David L. Nicholson, Jefferson Circuit Clerk
A true copy attest    21-CI-004335    07/28/2021    /s/David L. Nicholson, Jefferson Circuit Clerk

Filed                    21-CI-004335    07/28/2021        David L. Nicholson, Jefferson Circuit Clerk
A true copy attest       21-CI-004335    07/28/2021        /s/David L. Nicholson, Jefferson Circuit Clerk

Jefferson County, Kentucky, as such, has designated the Kentucky Secretary of State as agent for service of process in this action.

3. That at all times material hereto, the defendant, Metal International, Inc., is a California company with a status of "FTB Suspended" through the California Secretary of State. The agent for service of process is listed as Ken Rutkowski, 7817 Veragua Drive, Playa Del Rey, CA 90293. Service will be made through the Kentucky Secretary of State.

4. That at all times material hereto the Defendant, Hou, was as an agent, servant and employee, and was within the course and scope of his employment with Metal International, Inc.

5. That on or about March 29, 2021, the Plaintiff was operating a motor vehicle on Dixie Highway at Millers Lane in Louisville, Jefferson County, Kentucky, when the Defendant, Hou, did so negligently operate an automobile as to cause it to collide with the vehicle in which Plaintiff was driving.

6. Plaintiff states that the negligence of the Defendant, Hou, was a substantial factor in causing him serious and permanent injuries, great pain of body and mind, medical expenses to date and in the future, lost wages to date and in the future, all in an amount in excess of the minimal amount necessary to confer jurisdiction on this Court.

7. The Defendant, Metal International, Inc., oversaw, managed, developed, and/or supervised and/or was responsible for policies, procedures, rules, regulations, training, guidelines, standards, operations, and/or oversight for Defendant, Metal International, Inc., drivers, employees, and/or agents.

8. The Defendant, Metal International, Inc., negligently supervised, managed, controlled, oversaw, and/or developed policies, procedures, rules, regulations, training, guidelines, standards, and operations.

Filed                    21-CI-004335    07/28/2021        David L. Nicholson, Jefferson Circuit Clerk
A true copy attest       21-CI-004335    07/28/2021        /s/David L. Nicholson, Jefferson Circuit Clerk

Filed                21-CI-004335     07/28/2021          David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   21-CI-004335     07/28/2021          /s/David L. Nicholson, Jefferson Circuit Clerk

9. The Defendant, Metal International, Inc., authorized, ratified, and/or was aware or should have been aware or should have anticipated the acts and omissions of its employees, agents, representatives, owners, and managers, and/or servants.

10. The Defendant, Metal International, Inc., is vicariously liable for the actions, omissions, and negligence of its employees and agents including Defendant, Hou.

11. As to the subject collision, Defendant, Metal International, Inc., is vicariously liable for any damages and injuries which Defendant, Hou, was a substantial factor in causing.

12. The Defendant, Metal International, Inc., is also liable for its own actions and/or omissions.

13. The Defendant, Metal International, Inc., had duties to act reasonably in hiring, instructing, training, supervising, and retaining its drivers and other employees and agents, including Defendant, Hou, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe, and Defendant, Metal International, Inc., breached one or more of the aforementioned duties.

14. The Defendant, Metal International, Inc., negligently and carelessly supervised, trained, retained, and hired Defendant, Hou.

15. The Defendant, Metal International, Inc., negligently and carelessly allowed Defendant, Hou, to operate a vehicle and/or negligently entrusted a vehicle to Defendant, Hou.

16. The Defendant, Hou, was otherwise careless, reckless, and/or negligent in causing or contributing to cause the subject collision and/or the Plaintiff's injuries and damages.

17. The Defendant, Metal International, Inc., was otherwise careless, reckless, and/or negligent in causing or contributing to cause the subject collision and/or the Plaintiff's injuries and damages.

3

Presiding Judge: HON. ANGELA MCCORMICK BISIG (630326)

Filed                21-CI-004335     07/28/2021          David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   21-CI-004335     07/28/2021          /s/David L. Nicholson, Jefferson Circuit Clerk

Filed                21-CI-004335      07/28/2021         David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   21-CI-004335      07/28/2021         /s/David L. Nicholson, Jefferson Circuit Clerk

18.  The actions and/or omissions of Defendant, Hou, and/or Defendant, Metal International, Inc., constitute negligence per se.

WHEREFORE, the Plaintiff, Lamondre Philpot, demands as follows:

1. Judgment against the Defendants, Zongbad Hou and Metal International, Inc., jointly and severally, in a fair and reasonable amount necessary to compensate him for the damages alleged herein;

2. Costs herein expended;

3. Trial by jury; and

4. Any and all other relief to which the Plaintiff may be entitled.

ROMINES WEIS & YOUNG PSC

_____
MARK A. WEIS
600 West Main Street
Suite 100
Louisville, Kentucky  40202
(502) 587-8822
Counsel for Plaintiff
mweis@eromineweisyoung.com

4

Filed                21-CI-004335      07/28/2021         David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   21-CI-004335      07/28/2021         /s/David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. ANGELA MCCORMICK BISIG (630326)
Package : 000006 of 000006

CASE NO. 21-CI-004335    JEFFERSON CIRCUIT COURT
DIVISION TEN (10)
JUDGE ANGELA MCCORMICK BISIG

*Electronically Filed*

LAMONDRE PHILPOT    PLAINTIFF

v.    **DEFENDANT, ZONGBAD HOU'S ANSWER**
**TO PLAINTIFF'S COMPLAINT**

ZONGBAD HOU and
METAL INTERNATIONAL, INC.    DEFENDANTS

\* \* \* \* \*

Comes the Defendant, Zongbad Hou (hereinafter "Mr. Hou"), by Counsel, and for his Answer to Plaintiff's Complaint, hereby states as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against Mr. Hou, either in whole or in part, upon which relief can be granted.

**SECOND DEFENSE**

1.    Mr. Hou is without sufficient knowledge or information to either affirm or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies same.

2.    Mr. Hou denies the allegations contained in Paragraph 2 of Plaintiff's Complaint as stated; however, Mr. Hou admits that he is a resident of Monterey Park, California and was operating a motor vehicle in Louisville, Kentucky on or about March 29, 2021.

3. Mr. Hou is without sufficient knowledge or information to either affirm or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint and therefore denies same.

4. The allegations contained in Paragraph 4 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Mr. Hou was an independent contractor on or about March 29, 2021. The remaining allegations in said paragraph are denied.

5. Mr. Hou denies the allegations contained in Paragraph 5 of Plaintiff's Complaint as stated; however, Mr. Hou admits that he was operating a motor vehicle in Louisville, Kentucky on or about March 29, 2021.

6. The allegations contained in Paragraph 6 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Mr. Hou denies the allegations contained therein.

7. The allegations contained in Paragraph 7 of Plaintiff's Complaint do not pertain to Mr. Hou and therefore no response is required. To the extent a response is required, Mr. Hou is without sufficient knowledge or information to either affirm or deny the allegations contained therein and therefore denies same.

8. The allegations contained in Paragraph 8 of Plaintiff's Complaint do not pertain to Mr. Hou and therefore no response is required. In addition, the allegations contained in said paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Mr. Hou denies the allegations contained therein.

9. The allegations contained in Paragraph 9 of Plaintiff's Complaint do not pertain to Mr. Hou and therefore no response is required. In addition, the allegations

contained in said paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Mr. Hou denies the allegations contained therein.

10. The allegations contained in Paragraph 10 of Plaintiff's Complaint do not pertain to Mr. Hou and therefore no response is required. In addition, the allegations contained in said paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Mr. Hou denies the allegations contained therein.

11. The allegations contained in Paragraph 11 of Plaintiff's Complaint do not pertain to Mr. Hou and therefore no response is required. In addition, the allegations contained in said paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Mr. Hou denies the allegations contained therein.

12. The allegations contained in Paragraph 12 of Plaintiff's Complaint do not pertain to Mr. Hou and therefore no response is required. In addition, the allegations contained in said paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Mr. Hou denies the allegations contained therein.

13. The allegations contained in Paragraph 13 of Plaintiff's Complaint do not pertain to Mr. Hou and therefore no response is required. In addition, the allegations contained in said paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Mr. Hou denies the allegations contained therein.

14. The allegations contained in Paragraph 14 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Mr. Hou denies the allegations contained therein.

15. The allegations contained in Paragraph 15 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Mr. Hou denies the allegations contained therein.

16. The allegations contained in Paragraph 16 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Mr. Hou denies the allegations contained therein.

17. The allegations contained in Paragraph 17 of Plaintiff's Complaint do not pertain to Mr. Hou and therefore no response is required. In addition, the allegations contained in said paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Mr. Hou denies the allegations contained therein.

18. The allegations contained in Paragraph 18 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Mr. Hou denies the allegations contained therein.

19. Any and all other allegations in Plaintiff's Complaint which are not specifically admitted herein are denied.

## THIRD DEFENSE

Plaintiff's injuries and/or damages, if any, may have been caused in whole or in part by her own negligence and/or the negligence of a third party for whom Mr. Hou is not responsible, but for which said injuries and/or damages, if any, would not have occurred.

## FOURTH DEFENSE

Plaintiff's claims may be barred in whole or in part by KRS 304.39-010 *et seq.*, otherwise known as the Kentucky Motor Vehicle Reparations Act, which Mr. Hou adopts and incorporates herein as an affirmative defense.

## FIFTH DEFENSE

Plaintiff may have failed to name indispensable parties to this action and Mr. Hou relies upon same as an affirmative defense.

## SIXTH DEFENSE

Mr. Hou provisionally pleads as affirmative defenses those defenses of CR 8.03 as if fully restated herein, said defenses applicability to be determined during discovery and Mr. Hou reserves the right to assert additional defenses, whether affirmative or otherwise about which he presently lacks sufficient knowledge or information but which may become available during the course of this litigation through discovery and other means.

WHEREFORE, the Defendant, Zongbad Hou, by Counsel, respectfully demands as follows:

1. That Plaintiff's Complaint against him be dismissed with prejudice;

2. For his costs herein expended, including reasonable attorney's fees;

3. For a trial by jury on all issues so triable; and

4. For any and all legal or equitable relief to which he may appear entitled.

Respectfully submitted,

SCHILLER BARNES MALONEY PLLC

*/s/ Blake V. Edwards*

_____
Blake V. Edwards, Esq.
Daniel I. Wenig, Esq.
401 West Main Street, Suite 1600
Louisville, KY 40202
PH: (502) 625-1703
FAX: (502) 779-9348
bedwards@sbmkylaw.com
dwenig@sbmkylaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing has been electronically filed with the Ky. e-Filing system on this 22nd day of September, 2021, and electronic notice of same will be sent to the following Counsel of record:

Mark A. Weis, Esq.
Romines Weis & Young, PSC
600 W. Main Street, Suite 100
Louisville, KY 40202
mweis@erominesweisyoung.com
*Counsel for Plaintiff*

*/s/ Blake V. Edwards*

SCHILLER BARNES MALONEY PLLC

CASE NO. 21-CI-004335                    JEFFERSON CIRCUIT COURT
                                              DIVISION TEN (10)
                               JUDGE ANGELA MCCORMICK BISIG


*Electronically Filed*

LAMONDRE PHILPOT                                                      PLAINTIFF

v.     **DEFENDANT, METAL INTERNATIONAL, INC.'S ANSWER
       TO PLAINTIFF'S COMPLAINT**


ZONGBAD HOU and
METAL INTERNATIONAL, INC.                                            DEFENDANTS

\* \* \* \* \*

Comes the Defendant, Metal International, Inc. (hereinafter "Metal International"), by Counsel, and for its Answer to Plaintiff's Complaint, hereby states as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against Metal International, either in whole or in part, upon which relief can be granted.

**SECOND DEFENSE**

1.     Metal International is without sufficient knowledge or information to either affirm or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies same.

2.     Metal International is without sufficient knowledge or information to either affirm or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint and therefore denies same.

3.     Metal International denies the allegations contained in Paragraph 3 as stated; however, Metal International admits that it is a California company with an agent for

service of process of Yi Yang with an address of 18392 Tytris Way, Yorba Linda, California 92886.

4. The allegations contained in Paragraph 4 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Metal International admits that Mr. Hou was an independent contractor on or about March 29, 2021. The remaining allegations in said paragraph are denied.

5. The allegations contained in Paragraph 5 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Metal International denies the allegations contained therein.

6. The allegations contained in Paragraph 6 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Metal International denies the allegations contained therein.

7. Metal International denies the allegations contained in Paragraph 7 as stated; however, Metal International admits that it is responsible for employees who are acting within the course and scope of their employment with Metal International, Inc.

8. The allegations contained in Paragraph 8 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Metal International denies the allegations contained therein.

9. Metal International denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. The allegations contained in Paragraph 10 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Metal International denies the allegations contained therein.

11. The allegations contained in Paragraph 11 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Metal International denies the allegations contained therein.

12. The allegations contained in Paragraph 12 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Metal International denies the allegations contained therein.

13. The allegations contained in Paragraph 13 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Metal International denies the allegations contained therein.

14. The allegations contained in Paragraph 14 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Metal International denies the allegations contained therein.

15. The allegations contained in Paragraph 15 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Metal International denies the allegations contained therein.

16. The allegations contained in Paragraph 16 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Metal International denies the allegations contained therein.

17. The allegations contained in Paragraph 17 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Metal International denies the allegations contained therein.

18. The allegations contained in Paragraph 18 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Metal International denies the allegations contained therein.

19. Any and all other allegations in Plaintiff's Complaint which are not specifically admitted herein are denied.

### THIRD DEFENSE

Plaintiff's injuries and/or damages, if any, may have been caused in whole or in part by her own negligence and/or the negligence of a third party for whom Metal International is not responsible, but for which said injuries and/or damages, if any, would not have occurred.

### FOURTH DEFENSE

Plaintiff's claims may be barred in whole or in part by KRS 304.39-010 *et seq.*, otherwise known as the Kentucky Motor Vehicle Reparations Act, which Metal International adopts and incorporates herein as an affirmative defense.

### FIFTH DEFENSE

Plaintiff may have failed to name indispensable parties to this action and Metal International relies upon same as an affirmative defense.

### SIXTH DEFENSE

Metal International provisionally pleads as affirmative defenses those defenses of CR 8.03 as if fully restated herein, said defenses applicability to be determined during discovery and Metal International reserves the right to assert additional defenses, whether affirmative or otherwise about which it presently lacks sufficient knowledge or information

but which may become available during the course of this litigation through discovery and other means.

WHEREFORE, the Defendant, Metal International, Inc., by Counsel, respectfully demands as follows:

1. That Plaintiff's Complaint against it be dismissed with prejudice;
2. For its costs herein expended, including reasonable attorney's fees;
3. For a trial by jury on all issues so triable; and
4. For any and all legal or equitable relief to which it may appear entitled.

Respectfully submitted,

SCHILLER BARNES MALONEY PLLC

*/s/ Blake V. Edwards*
_____
Blake V. Edwards, Esq.
Daniel I. Wenig, Esq.
401 West Main Street, Suite 1600
Louisville, KY 40202
PH: (502) 625-1703
FAX: (502) 779-9348
bedwards@sbmkylaw.com
dwenig@sbmkylaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      This will certify that a true and correct copy of the foregoing has been electronically filed with the Ky. e-Filing system on this 22nd day of September, 2021, and electronic notice of same will be sent to the following Counsel of record:

Mark A. Weis, Esq.
Romines Weis & Young, PSC
600 W. Main Street, Suite 100
Louisville, KY 40202
mweis@erominesweisyoung.com
*Counsel for Plaintiff*

*/s/ Blake V. Edwards*

SCHILLER BARNES MALONEY PLLC